IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON FRUCHTMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 10-1105-LPS |
| | : | |
| TOWN OF DEWEY BEACH, | : | |
| WILLIAM MEARS, and | : | |
| DIANA SMITH | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

1. Presently before the Court is Defendants' motion for a protective order to prohibit discovery of the names of confidential informants. (D.I. 63) During the deposition of Diane Hanson, Mayor of the Town of Dewey Beach ("Mayor Hanson"), Plaintiff inquired about the people who had anonymously reported potential zoning violations committed by the Plaintiff. (D.I. 64 Ex. A at 19-22) In response, Mayor Hanson asserted the informer's privilege and refused to divulge the names of any informer who had requested anonymity. (*Id.*)

2. A party objecting to discovery on the basis of privilege has the burden of establishing the existence and applicability of that privilege. *See In re Grand Jury Investigation*, 918 F.2d 374, 385 n.15 (3d Circ. 1990) ("With respect to the question of which party carries the burden of proof in establishing the privilege's applicability, it is clear, in this Circuit, that a party who asserts a privilege has the burden of proving its existence and applicability."); *Robinson v. Magovern*, 83 F.R.D. 79, 85 (W. D. Pa 1979).

3. The informer's privilege permits, when applicable, the withholding of the identity of persons who furnish information about violations of law to law enforcement officials. *See*

1

*Roviaro v. U.S.*, 353 U.S. 53, 59 (1957). "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law ***to officers charged with enforcement of that law***." *Id.* (emphasis added).[1]

4.  Defendants have not met their burden of establishing that the informer's privilege should apply to Mayor Hanson. The fact that the mayor of the Town Dewey Beach is given the power to "see that the laws and ordinances of the said Town are faithfully executed" does not grant to her the degree of participation in law enforcement required to confer the status of law enforcement official for purposes of invoking the informer's privilege. *Compare generally Commonwealth of Pa. v. Porter*, 659 F2d 306, 309–10 (3d Circ. 1981) (establishing that mayor of Pennsylvania borough is its chief law enforcement officer, since Pennsylvania Borough Code explicitly granted mayor authority to control and supervise police) *with* CHARTER OF THE TOWN OF DEWEY BEACH § 14(b), *available at* http://ecode360.com/DE2129 (last visited Aug. 21, 2012) (delegating to mayor general duty to "see that the laws and ordinances . . . are faithfully executed"). Defendants' attempt to analogize Mayor Hanson's position to that of the U.S. Secretary of the Department of Labor – to whom the informer's privilege has been held to apply, *see Dole v. Local 1942, Int.'l Brotherhood of Elec. Workers*, 870 F.2d 368, 373 (7th Circ. 1989) – also fails, as Mayor Hanson, unlike the Secretary, has no statutory obligation to investigate a complaint once received, nor any obligation to initiate litigation upon finding

---

[1] "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Roviaro*, 353 U.S. at 59.

probable cause to support the complaint, *see* 29 U.S.C. § 482.

5. During a teleconference the Court held to consider the instant dispute, Defendants suggested that while the mayor of the Town of Dewey Beach is not a law enforcement official *per se*, the reality of living in a small town like Dewey Beach fosters an attitude and expectation that the mayor is – and should be treated as – a law enforcement official. (Transcript of July 10, 2012 teleconference ("Tr.") at 7-8) Defendants repeat this assertion in their briefing. (*See, e.g.*, D.I. 69 at 2) ("Defendants' argument is one of analogy. . . . [W]hile Mayor Hanson may not be a police officer or FBI agent, in a small town setting, confiding to the Mayor about violations of the law, knowing she is charged with ensuring the faithful execution of the law, is analogous to confiding to a police officer. The residents had the same expectation that the zoning ordinances would be enforced after speaking to the Mayor.") In granting Defendants leave to file the pending motion, the Court indicated that it was interested in "the particularities of the town, the government structure and the types of factors that the defendant believes would make the privilege appropriate to be applied here." (Tr. at 18) In their briefing, however, Defendants offered nothing more on these points than the town charter and repetition of their conclusions; no additional evidence was presented. Defendants have not attempted to support their assertion as to the expectations of Dewey Beach residents. Again, the Court must conclude that Defendants have failed to meet their burden.

6. A substantial portion of Defendants' briefing is concerned with whether the identity of the informants is essential to Plaintiff's case. (*See, e.g.*, D.I. 69 at 3–5) Defendants did not object to the testimony on the grounds of relevance, just privilege. (*See* D.I. 64 Ex. A at 19-22) Given this fact, as well as the Court's finding that Defendants have failed to meet their

3

burden to demonstrate that the testimony sought by Plaintiff is privileged, the Court need not determine whether the information sought by Plaintiff is essential to its case, nor weigh Plaintiff's interest against the public purposes supporting proper invocation of the informer's privilege.[2]

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for a protective order (D.I. 63) is DENIED.

Dated: August 21, 2012

UNITED STATES DISTRICT JUDGE

---

[2]Defendants fear that the disclosure sought here by Plaintiff "would have the effect of chilling future cooperation from the citizenry in investigations." (D.I. 64 at 8; *see also id.* at 7 ("Dewey Beach is a small town, and as such, citizen cooperation is an important component in law enforcement.")) This is an important concern and the Court hopes that no chilling results. However, the issue the Court must decide is whether Defendants have met their burden to prevent the disclosure sought and, for the reasons explained, the Court finds that Defendants have not done so.